# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| R. CEASAR, | Case No. 18-CV-2350 (JNE/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RICHARD SENESE; THOMAS POULON; and CAPELLA UNIVERSITY, | |
| Defendants. | |

Plaintiff R. Ceasar alleges that he was administratively withdrawn from enrollment at defendant Capella University on account of his race. Ceasar did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF Nos. 2 & 4. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the amended IFP application filed by Ceasar, this Court concludes that Ceasar qualifies financially for IFP status. Moreover, this Court will by separate order grant the IFP application with respect to the claims brought against Capella University. That said, an action or part of an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C.

1

§ 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Ceasar alleges that he was removed from enrollment at Capella University on an unlawful basis. Along with Capella University, however, Ceasar has also included Richard Senese and Thomas Poulon as defendants to this action. There is no basis in the complaint for those individuals to be included in this lawsuit. Ceasar does not include any factual allegations directed against those individuals, who therefore have no basis for knowing why Ceasar is seeking relief from them. Without a plausible basis for recovery against Senese and Poulon, Ceasar cannot proceed with claims against those defendants.

Accordingly, it is recommended that Senese and Poulon be dismissed without prejudice from this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The IFP application will be granted by separate order with respect to the claims against Capella University.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT defendants Richard Senese and Thomas Poulon be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 17, 2018                              *s/Elizabeth Cowan Wright*
                                                     Elizabeth Cowan Wright
                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).